**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| STEVEN WAYNE QUICK, ) | |
| ID # 1243617, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-3312-B-BH |
| ) | |
| CHRISTOPHER CASTANON, et al, ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been referred for judicial screening. Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received September 12, 2014, (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless the plaintiff timely pays the requisite filing fee.

**I. BACKGROUND**

On September 12, 2014, Steven Wayne Quick (Plaintiff), a prisoner, filed this civil action under 42 U.S.C. § 1983 against the attorneys handling his state court criminal proceedings. (Compl. at 1-4, doc. 3). He seeks to proceed *in forma pauperis*.

**II. THREE STRIKES**

As a prisoner in the Texas prison system seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g). It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are

in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has previously had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Quick v. Anderson,* No. 3:06-CV-2096-G, 2006 WL 3626968, *1 (N.D. Tex. Dec. 13, 2006) (dismissing case as barred by three-strikes provision because Plaintiff had filed seven prior civil actions that were dismissed as frivolous while he was a prisoner). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

## II. IMMINENT DANGER

The Fifth Circuit has held that a plaintiff barred by three strikes must show "imminent danger at the time that he seeks to file his suit" in order to proceed without prepayment of fees. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam); *see also Ruston v. Continental Motel*, 2003 WL 2294680, slip op. at *2 (N.D. Tex. Feb. 28, 2003) (holding that Ruston had not shown imminent danger of serious physical injury where his allegations concerned incidents that occurred after the initial filing). Here, Plaintiff does not even allege that he is in imminent danger of serious physical injury. Because he has not shown that he is in imminent danger of serious physical injury, he may not proceed with this action without prepayment of fees under § 1915(g).

## III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C.

§ 1915(g) unless he pays the full filing fee of $400.00[1] within the time for objecting to this recommendation, or by some other deadline set by the Court. Plaintiff should also be **WARNED** that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 15th day of September, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.